UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BENTON BELL,

    Applicant,

v.                                        CASE NO. 8:19-cv-486-T-23AEP

SECRETARY, Department of Corrections,

    Respondent.
_____/

**O R D E R**

Bell applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges the validity of his state convictions for two counts of armed robbery, for which he is imprisoned for life. Rule 4, Rules Governing Section 2254 Cases, requires both a preliminary review of the application for the writ of habeas corpus and a summary dismissal "[i]f it plainly appears from the face of the [application] and any exhibits annexed to it that the [applicant] is not entitled to relief in the district court . . . ." Bell is barred from pursuing this "second or successive" application.[1]

Contrary to his representation in the application (Doc. 1 at 15, Question #14) that he has not challenged this state court judgment in an earlier application, Bell

---

[1] Bell contends both that his sentence is illegal and, as a consequence, that he may raise his claim "at any time." (Doc. 1 at 13) Although state rules permit a challenge to the legality of a sentence "at any time," federal rules govern an application under 18 U.S.C. § 2254.

challenged this same conviction in 8:01-cv-1742-T-23TGW, which challenge was rejected on the merits. The district court declined to issue a certificate of appealability, and the circuit court dismissed the appeal as untimely. (Docs. 24 and 27) The present application is second or successive because the application challenges the same state court judgment that was challenged in the earlier action. *See Magwood v. Patterson*, 561 U.S. 320, 338–39 (2010) (explaining that an application under Section 2254 addressing a state court judgement that was challenged in an earlier application under Section 2254 is successive). As a consequence, Bell must comply with Section 2244(b)(3)(A), which requires that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

The district court lacks jurisdiction to review Bell's application until the Eleventh Circuit Court of Appeals grants Bell permission to file a second or successive application. *Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it."). *Accord Hubbard v. Campbell*, 379 F.3d 1245, 1246–47 (11th Cir. 2004) (recognizing that a district court lacks subject matter jurisdiction to review a second or successive application if an applicant lacks the authorization from the circuit court required under Section 2244(b)(3)(A));

*Young v. Sec'y, Fla. Dep't of Corr.*, 697 F. App'x 660, 661 (11th Cir. 2017)[2] ("In order to file a second or successive habeas corpus petition, a state prisoner must 'move in the appropriate court of appeals for an order authorizing the district court to consider the [petition].' 28 U.S.C. § 2244(b)(3)(A). Otherwise, a district court lacks jurisdiction to consider the petition and is required to dismiss it.") (brackets original).

Generally, an applicant cannot appeal a district court's denial of relief under Section 2254 unless either the district court or the circuit court issues a certificate of appealability ("COA"). However, as *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007), explains, a COA cannot issue in this action because the district court cannot entertain the application to review the second or successive application:

> Because he was attempting to relitigate previous claims that challenge the validity of his conviction, Williams was required to move this Court for an order authorizing the district court to consider a successive habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A). Without such authorization, the district court lacked subject matter jurisdiction to consider the successive petition, and therefore could not issue a COA with respect to any of these claims.

*See United States v. Robinson*, 579 F. App'x 739, 741 n.1 (11th Cir. 2014) (applying *Williams* in determining that the district court lacked jurisdiction because the motion to alter or amend a judgment under Rule 60(b), Federal Rules of Civil Procedure, was actually an impermissible second or successive motion under Section 2255 and, as a consequence, "a COA was not required to appeal the denial of the motion").

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

Accordingly, the application for the writ of habeas corpus (Doc. 1) is **DISMISSED** as second or successive without authorization. The clerk must close this case.

ORDERED in Tampa, Florida, on March 1, 2019.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE